UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS  DIVISION

| | | |
|---|---|---|
| WILLIE L. SANDERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:06-cv-0570-JDT-WTL |
| | ) | |
| | ) | |
| LVNV FUNDING, LLC and BLATT | ) | |
| HASENMILLER LEIBSKER & MOORE, | ) | |
| LLC, | ) | |
| Defendants. | ) | |

**Entry on Motion for Summary Judgment (Doc. No. 17), Motion to Take Judicial
Notice (Doc. No. 28) and Motion to Strike (Doc. No. 35)[1]**

Plaintiff Willie L. Sanders sued Defendants LVNV Funding, LLC ("LVNV") and

Blatt Hasenmiller Leibsker & Moore, LLC ("Blatt"), alleging violations of the Fair Debt

Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

**I.  Background**

Willie L. Sanders entered into a credit card agreement with Household Bank.  He

stopped making payments on the balance due under the agreement and has made no

payment since 1996 or 1997.  Household Bank assigned the right, title, and interest in

Mr. Sanders's alleged debt to a third-party.  LVNV subsequently became the owner of

the alleged debt.

---

[1]  This Entry is a matter of public record and will be made available on the court's web
site.  However, the discussion contained herein is not sufficiently novel to justify commercial
publication.

On September 30, 2005, Blatt filed suit on behalf of LVNV against Mr. Sanders in an attempt to collect the alleged balance due under the credit card agreement (the "state court lawsuit").  (Compl. ¶ 18; Willie Sanders Aff. ¶ 5.)  Mr. Sanders alleges that the Notice of Claim filed in that case violated Indiana Small Claims Rules 2(B)(4)(a) and (b) and Indiana Trial Rule 9.2(I).  (Compl. ¶¶ 21, 22.)[2]  He claims that the Notice did not allege that LVNV was the subsequent assignee of the alleged debt and that the state court lawsuit was barred by the statute of limitations.  (*Id.* ¶¶ 23, 24.)  The lawsuit was dismissed without prejudice, pursuant to the parties' joint motion, on February 22, 2006.  (*Id.* ¶¶ 25-26 & Ex. B; Sanders Aff. ¶¶ 9-10.)  In this action, Mr. Sanders alleges that LVNV and Blatt violated the FDCPA by attempting to collect the alleged balance due under the credit card agreement.

Mr. Sanders was a class member in two class action lawsuits:  *Melvin Stewart, et al. v. Sherman Acquisition, LP, et al.*, Cause No. 1:04-cv-0155-JDT-TAB (the "*Stewart* action"), and *Steven Montgomery, et al. v. National Action Financial Services, Inc., et al.*; 4:04-cv-0235-DFH-WGH (the "*Montgomery* action"), both filed in the United States District Court, Southern District of Indiana.  (John Shinovich Aff. ¶¶ 11-12.)  The *Stewart* and *Montgomery* actions were settled in a broad Class Settlement Agreement ("Settlement Agreement" or "Agreement") reached in the case of *Charlean Foster, et al.*

---

[2]  Small Claims Rule 2(b)(4) requires that a notice of claim contain a brief statement of the nature and amount of the claim, and if the claim arises out of a written contract, a copy shall be attached, and if the claim is on account, then an itemized statement shall be attached.  Ind. S. C. 2(B)(4).  Indiana Rule of Trial Procedure 9.2(I) provides that when a pleading is founded upon a written instrument, any written indorsement or assignment of rights thereof on which the pleader's title depends is included in the term "written instrument."  Ind. T.R. 9.2(I).

*v. Sherman Acquisition, LP, et al.*, No. 04 C 1072, in the United States District Court for

the Northern District of Illinois.  (*Id.* ¶¶ 10, 13.)  Plaintiff Willie Sanders was a class

member in both the *Stewart* and *Montgomery* actions.  (*Id.* ¶¶ 11-12.)  Defendant LVNV

is a wholly owned subsidiary of Sherman Originator LLC which is a wholly owned

subsidiary of Sherman Financial Group, LLC.  (Shinovich Aff. ¶ 5.)  Sherman Financial

Group, LLC was a named defendant in the *Stewart* action.

      Section K of the Settlement Agreement provides that class members who do not

exclude themselves as of the opt-out date – November 28, 2005 – "release and forever

discharge" the Defendants (as defined in Section E), other related parties (as defined in

Section F), and "their . . . representatives, . . . agents . . . subsidiaries, affiliates":

> of and from all causes of action, suits, claims, and demands, whatsoever,
> for anything that occurred from the beginning of time up through and
> including . . . [November 28, 2005], on any legal theory in law or equity,
> whether or not alleged, relating to allegations arising out of letters,
> assessment of interest, the Gramm Leach Bliley Act, alleged disclosures,
> and alleged misrepresentations at issue that were or could have been
> made in the actions enumerated in ¶¶ 1-14 of this agreement.

(Settlement Agreement, Section K, ¶ 1.)  In addition, each class member "release[d] any

right to recover statutory damages under the FDCPA . . . for any other collection

conduct by Released Parties (even though not set forth above) which might have

occurred through the Opt-Out Date, as set by the Court [November 28, 2005]."  (*Id.*)

The Settlement Agreement expressly provides:

>     [T]his settlement agreement is intended to release claims against
> any person or entity sending out letters or otherwise allegedly collecting
> on a debt owned, or claimed to be owned, by one of the Defendants

through the effective date of this agreement and within the scope of the
herein release.  These persons and entities are hereinafter referred to as:
"Other Related Parties."

(Settlement Agreement, Section F.)  The Agreement defined the "Defendants" as

"Sherman Financial Group LLC, and any subsidiary or affiliate of Sherman Financial

Group LLC, including but not limited to . . . Sherman Originator LLC. . . ."  (*Id.*, Section

E.)

Notice of the *Foster* proposed class action settlement was sent via U.S. mail to

all class members, including Plaintiff Sanders, on September 9, 2005.  (Shinovich Aff.

¶¶ 16-17.)  The notice was mailed to Sanders at 3205 Highwoods Drive West,

Indianapolis, Indiana 46222, his last known address as shown in LVNV's records at the

time of mailing.  (*Id.* ¶ 17.)[3]  The notice was not returned by the post office as

undeliverable.  (*Id.* ¶ 18.)  Mr. Sanders did not opt out of the *Foster* class action

settlement and may no longer do so; the opt-out deadline was November 28, 2005 has

passed.  (Shinovich Aff. ¶ 21; Defs.' Ex. E (Preliminary Approval Order in *Foster*, ¶ 7.))

The *Foster* court held a hearing on December 14, 2005, to determine the fairness

of the settlement.  (Shinovich Aff. ¶ 22; Defs.' Ex. G at 2.)  Following that hearing, the

court issued its Amended Final Approval Order, determining that the classes were

appropriate, that the notice provisions satisfied Rule 23 and due process, and that the

settlement was fair and reasonable.  (Shinovich Aff. ¶ 22; Defs.' Ex. G (Am. Final

Approval Order ¶ 2.))  The court's order approved the class settlement agreement,

---

[3]  This address is where Sanders has lived since May 1997.  (Sanders Aff. ¶ 11.)

including the release.  (*Id.*)  The court held that class members who did not exclude themselves from the settlement released the Defendants and other parties as provided in the settlement agreement.  (Defs.' Ex. G (Am. Final Approval Order ¶ 2D.))  The language of the Approval Order regarding the class members' release is virtually identical to that used in the Settlement Agreement.

## II.  Discussion

### A.  Defendants' Motion to Strike

Defendants ask the court to strike the Plaintiff's Motion to Take Judicial Notice and to strike the affidavits of the Plaintiff and Scott Cooper, filed in support of Plaintiff's response to the summary judgment motion.  Indeed, the motion and affidavits comprise the Plaintiff's only response to the summary judgment motion.  While the Plaintiff has not complied with Local Rule 56.1(b), which states that a party opposing a summary judgment motion "shall serve and file a supporting brief . . . ," the failure to strictly comply may be excused in the interests of justice.  S.D. Ind. L.R. 56.1(i).  Striking the Plaintiff's submissions would be too severe a sanction in this case for noncompliance with the Local Rule.  However, any legal argument that Mr. Sanders could have made in response to the pending dispositive motion has been waived.  Moreover, without a brief, Plaintiff has no "Statement of Material Facts in Dispute" to controvert the facts asserted by Defendants.[4]  For purposes of deciding the motion, the court takes the facts as

---

[4]  Having reviewed the affidavits filed by Plaintiff, the court finds that nothing in them or their attachments creates an issue of material fact.  Plaintiff does not dispute that he was a member of the *Stewart* and *Montgomery* class actions, that the *Foster* notice of proposed class

claimed by the Defendants and supported by admissible evidence to be admitted by Plaintiff, as Local Rule 56.1(e) allows.  The motion to strike is **DENIED**.

### B.  Plaintiff's Motion to Take Judicial Notice

Plaintiff moves the court to take judicial notice pursuant to Federal Rule of Evidence of the following asserted facts: that LVNV is the Plaintiff in the Notice of Claim attached as Exhibit A to the Complaint, that Blatt is not a party to the Notice of Claim, and that the Complaint alleges that Blatt is a debt collector under § 1692a(6) (Compl. ¶ 6) and Blatt has admitted this allegation (Am. Answer ¶ 6).

The motion is unnecessary.  The Complaint clearly alleges and Blatt has admitted that it is a debt collector under the FDCPA and the Notice is attached to the Complaint.  Thus the Notice is considered part of that pleading.  *See Carroll v. Yates*, 362 F.3d 984, 986 (7th Cir. 2004).  Therefore, the court may consider these three assertions in ruling on the summary judgment motion.  The motion to take judicial notice is **DENIED**.

### C.  Defendants' Motion for Summary Judgment

Defendants move for summary judgment, contending that Mr. Sanders was a member of a class action suit that was settled and that pursuant to the terms of the settlement agreement, he has released all claims against LVNV and Blatt.  Summary

---

action settlement was mailed to his address, and that he did not opt-out of the class.  He does not dispute the terms of the Agreement, that LVNV is a defendant for purposes of the release, and that Blatt is an "other released party" under the release.

judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Thus, "summary judgment is appropriate if, on the record as a whole, a rational trier of fact could not find for the non-moving party." *Durkin v. Equifax Check Servs., Inc.*, 406 F.3d 410, 414 (7th Cir. 2005). All facts and reasonable inferences are viewed in the light most favorable to the nonmovant. *Id.*

"[A] release incorporated into an order approving a class action settlement bars subsequent litigation based on the released claims." *Tropp v. Western-Southern Life Ins. Co.*, 381 F.3d 591, 596 (7th Cir. 2004). Mr. Sanders's FDCPA claims in the instant action against LVNV and Blatt are barred by the terms of the release in the *Foster* class action Settlement Agreement and the court's Approval Order approving the Agreement including the release. It is undisputed that the *Stewart* and *Montgomery* actions were settled in the broad Settlement Agreement reached in the *Foster* case. It is also undisputed that Mr. Sanders was a class member in both the *Stewart* and *Montgomery* actions and that he did not opt-out from the Settlement Agreement. Nor is it disputed that LVNV is a wholly owned subsidiary of Sherman Originator LLC, and is an affiliate of Sherman Financial Group, LLC. Thus LVNV is a Defendant as defined by the Settlement Agreement. Furthermore, it is not disputed that Blatt is an entity that otherwise attempted to collect on a debt owned by one of the Defendants as defined by the *Foster* Settlement Agreement. Thus Blatt is an "Other Released Party" under that Agreement.

Moreover, Mr. Sanders's claims in this action are covered by the broad terms of the release in the *Foster* Settlement: "all causes of action . . . whatsoever, for anything that occurred from the beginning of time up through and including . . . [November 28, 2005] . . . relating to allegations arising out of . . . alleged misrepresentations at issue that were or could have been made in the actions enumerated in ¶¶ 1-14 of this agreement."  Mr. Sanders's FDCPA claims could have been made in the *Stewart* and *Montgomery* actions, actions listed in paragraphs 10 and 13 in the Agreement. Because Mr. Sanders did not opt-out of the *Foster* Settlement Agreement, and the *Foster* court approved that settlement and ordered that class members who did not opt-out thereby released their claims, Sanders released LVNV and Blatt of the claims asserted in this case.

In addition, under the terms of the release, class members specifically released FDCPA claims for statutory damages for conduct by Released Parties that "might have occurred through the Opt-Out Date."  Mr. Sanders alleges no actual damages, and his action is based on the Defendants' alleged acts which occurred on September 30, 2005, before the opt-out date of November 28, 2005.  Therefore, Mr. Sanders's FDCPA claims against LVNV and Blatt for statutory damages were released and are barred.

Mr. Sanders claims that he did not receive the notice of proposed class settlement in the *Foster*, *Stewart* or *Montgomery* class actions.  (Sanders Aff. ¶¶ 16-17.) He states that he would have opted-out of the settlement of these actions had he received notice of the proposed settlement prior to the opt-out date.  (*Id.* ¶ 20.)  While unfortunate, these facts are not material, however.  There is no requirement that class

members actually receive notice; it is sufficient that the notice be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Silber v. Mabon*, 18 F.3d 1449, 1454 (9th Cir. 1994) (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314, (1950)).  The *Silber* court held that the notice need not actually be received by class members to afford them the opportunity to opt-out.  *Id.*; *see also Peters v. Nat'l R.R. Passenger Corp.*, 966 F.2d 1483, 1486-87 (D.C. Cir. 1992) (holding class member was bound by settlement agreement in class action despite not actually receiving notice where notices mailed to class members were reasonably calculated to apprise them of the class action and member did not opt out); *cf. Tropp*, 381 F.3d at 596 ("a release incorporated into an order approving a class action settlement bars subsequent litigation based on the released claims").  The court in *Foster* found that the notice to the class was sufficient under Rule 23 and for due process and Mr. Sanders was sent notice through U.S. mail.  The fact that he may not have received the notice does not relieve him of the terms of the release.

## III.  Conclusion

Accordingly, the Defendants' Motion for Summary Judgment (Doc. No. 17) is

**GRANTED**, the Plaintiff's Motion to Take Judicial Notice (Doc. No. 28) is **DENIED**, and the Defendants' Motion to Strike (Doc. No. 35) is **DENIED**.

ALL OF WHICH IS ENTERED this 26th day of February 2007.

John Daniel Tinder, Judge
United States District Court

Copies to:

Jeffrey Kevin Eicher
jeffeicher@aol.com

Michael Robert Lieber
Mcguire Woods LLP
mlieber@mcguirewoods.com

Brian Patrick O'Meara
Mcguire Woods
bomeara@mcguirewoods.com

Robert J. Schuckit
Schuckit & Associates, P.C.
rschuckit@schuckitlaw.com